Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000716
08-DEC-2020
08:01 AM
Dkt. 118 SO

NO. CAAP-19-0000716

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF TJ

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S NO. 14-00008)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Mother-Appellant (**Mother**) appeals from the September 18, 2019 Orders Concerning Child Protective Act (**Order Modifying Intervenor Status**), entered by the Family Court of the First Circuit (**Family Court**);[1] Mother also challenges the Family Court's related Findings of Fact and Conclusions of Law (**FOFs** and **COLs**) entered on November 7, 2019. In the Order Modifying Intervenor Status, the Family Court limited Maternal Grandmother (**Grandmother**) and Maternal Aunt's (**Aunt**) participation in the proceedings regarding Petitioner-Appellee the State of Hawai'i,

---

[1] The Honorable Brian A. Costa presided.

Department of Human Services' (**DHS**) (second) motion to terminate Mother's parental rights (**MTPR**) as to Mother's child, TJ.

On appeal, Mother contends, on various grounds, that the Family Court erred and abused its discretion in entering the Order Modifying Intervenor Status; Mother challenges FOFs 25, 49, 50, 51, and 62,[2] as well as COLs 12, 13, 14, [15], 16, 17, and [18].

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's contentions as follows:

As a preliminary matter, we note that Mother is sufficiently aggrieved by the Order Modifying Intervenor Status. Mother contends that her own rights are at stake because Mother herself is cognitively impaired and admittedly would not be able to provide a safe family home for TJ - who was born with multiple, serious, medical issues that require a high level of care - without the continuous and concerted support of Grandmother and Aunt in their joint family home.  See, e.g., Abaya v. Mantell, 112 Hawaiʻi 176, 181, 145 P.3d 719, 724 (2006) (setting forth standard for standing to appeal).

---

[2]     Mother also objects to FOFs 57-59, which relate to issues that are not before us in this appeal.  We will not address them and this Summary Disposition Order shall not be considered a decision on the merits of these issues.

Mother first argues that her due process rights were violated when the Family Court entered the Order Modifying Intervenor Status because she was not given prior notice that the court would consider limiting Grandmother and Aunt's participation.  This contention is without merit, as the court informed the parties, at a May 1, 2019 hearing, that it intended to dismiss Grandmother and Aunt from the case if DHS subsequently filed a motion to terminate Mother's parental rights.[3]

Mother contends that the Family Court abused its discretion in modifying the prior order that allowed Grandmother and Aunt to participate in this case as parties, because there were no cogent reasons for doing so.  The Family Court limited Grandmother and Aunt's participation in the MTPR trial under Hawaiʻi Revised Statutes (**HRS**) § 587A-4 (2018), which provides, *inter alia*, that the court

> may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587A-13, except as otherwise provided in this chapter.[4]

---

[3]     Although FOF 25 incorrectly states the Family Court provided the foregoing notice on June 25, 2019, the error is harmless.  Mother does not take issue with the incorrect date; rather, she claims the Family Court "never" provided notice.

[4]     The statute's definition of "party" states:

> "Party" means an authorized agency; a child who is subject to a proceeding under this chapter; the child's parents and guardian ad litem; any other person who is alleged in the petition or who is subsequently found at any child protective proceeding to be encouraging, causing, or contributing to the acts or conditions that brought the child within the scope of this chapter; and
> (continued...)

We conclude that the Family Court properly exercised its authority under the statute to limit Grandmother and Aunt's roles in the MTPR proceedings, notwithstanding the earlier order designating them as parties.

Mother also challenges the Family Court's determination that it was consistent with TJ's best interests to limit Grandmother and Aunt's participation in the MTPR proceedings. However, Mother does not dispute FOF 55, which provides that Grandmother and Aunt's "interests or claims are not relevant to the MTPR." In addition, the Family Court expressly stated that Mother would not be precluded from calling Aunt and Grandmother as witnesses at the MTPR trial or making arguments regarding Mother's reliance on Aunt and Grandmother to provide a safe family home. Mother does not articulate how it was in TJ's best interest to have Aunt and Grandmother play a greater role as litigants in the termination hearing or how Mother's rights to present her case were impacted by the limitation of their roles.

---

[4](...continued)
        may include any other person, including the child's current foster parent or current resource family, if the court finds that such person's participation is in the best interest of the child; provided that the court may limit a party's right to participate in any child protective proceeding if the court deems such limitation of such party's participation to be consistent with the best interests of the child and such party is not a family member who is required to be summoned pursuant to section 587A-13, except as otherwise provided in this chapter.

HRS § 587A-4 (emphasis added).

Finally, Mother contends that "[e]ven if this Court found there to be support in the record for the trial judge's findings as it relates to removal of Aunt and Grandmother as full parties, it should nonetheless be left with the firm conviction that such removal was a mistake." Mother's argument is premised on her contention that because she relies upon Grandmother and Aunt to make the home safe for TJ, Grandmother and Aunt must be allowed to question witnesses, provide their own argument, and produce their own evidence in the MTPR trial. However, Mother fails to identify – generally or specifically – any witness, evidence, or argument that could not be presented with the aid of her own counsel, including with respect to Grandmother and Aunt's role in providing a safe family home for TJ. Accordingly, we conclude that this argument is without merit.

For these reasons, the Family Court's September 18, 2019 Order Modifying Intervenor Status is affirmed.

DATED: Honolulu, Hawai'i, December 8, 2020.

On the briefs:

Jacob G. Delaplane,
for Mother Cross-Appellant.

Kellie M. Kersten,
Julio C. Herrera,
Patrick A. Pascual,
Regina M. Shimada,
Deputy Attorneys General,
Department of the Attorney General,
Family Law Division, State of Hawai'i,
for Petitioner-Appellee
DEPARTMENT OF HUMAN SERVICES.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge